UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 0:19-cv-60597-DPG**

ROBERT HOSSFELD, individually
and on behalf of others similarly situated,

    *Plaintiff*,

v.

AM. FIN. SEC. LIFE INS. CO., et al.,

    *Defendants.*

_____/

**PLAINTIFF'S SUPPLEMENT
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS [Dkt. 178]**

Defendants' supplemental joint motion to dismiss, Dkt. 178, argues that the entirety of the TCPA's decades-old robocall prohibition, 47 U.S.C. § 227(b)(1)(A)(iii), was invalid from the date the United States enacted a government-debt collection exception in 2015 to when the Supreme Court severed it from the statute five years later in *Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020) ("*AAPC*"). Plaintiff respectfully notifies the Court of several recent decisions that reject Defendants' position.

    1.    *Shen v. Tricolor Cal. Auto Grp.*, 2020 WL 7705888, at *4 (C.D. Cal. Dec. 17, 2020) (Ex. A), rejected *Creasy* and its progeny, finding that *AAPC* severed and invalidated the government debt collection exception, only, leaving the remainder of the TCPA intact:

> *Creasy*, and *Lindenbaum* and *Hussain*, the two district court opinions following it, have broadened the scope of *AAPC*'s limited holding by construing it as, in essence, invalidating the entirety of § 227(b)(1)(A)(iii), rather than just the government debt exception.... This Court, like several others to have considered the issue, declines to adopt an analysis that appears to be at odds with the views of a majority of the Supreme Court's Justices and the Ninth Circuit.

*Id.* (citations omitted).

2. *Trujillo v. Free Energy Savings Co.*, No. 5:19-cv-02072 (C.D. Cal. Dec. 21, 2020) (Dkt. 76) (Ex. B), likewise rejected the *Creasy* line of cases, applying the framework espoused in *Frost v. Corp. Comm'n of Okla.*, 278 U.S. 515, 526-27 (1929), which held that an unconstitutional amendment to a preexisting, otherwise constitutional statute is a nullity, leaving the remainder intact and wholly enforceable. *Id.* pp. 6-7. *Trujillo* thus held that "the 2015 amendment was void *ab initio*, and the pre-amendment statute should be treated as the valid expression of legislative intent." *Id.*; *see also Rieker v. Nat'l Car Cure, LLC*, 2021 WL 210841, at *1 (N.D. Fla. Jan. 5, 2021) (adopting *Trujillo*'s reasoning in denying motion to dismiss).

3. *Stoutt v. Travis Credit Union*, 2021 WL 99636 (E.D. Cal. Jan. 12, 2021) (Ex. C), similarly relied on *Frost* and other Supreme Court precedent to deny a motion for judgment on the pleadings:

> Holding the entire robocall ban to be ineffective as to calls made between 2015 and 2020 would improperly construe *AAPC* … [and] undermine the Court's central purpose in severing the statute.

*Id.* at *4. *Stoutt* also distinguished *Grayned*, cited by Defendants here, characterizing it as "misplaced" as to these circumstances: "Because the Court did not have occasion to sever the offending portion from the remainder of the statute (as the state legislature had already amended it), *Grayned* says nothing about how courts should treat alleged violations of law that occurred during a period of unconstitutionality resulting from addition of an unconstitutional statutory exception that has since been severed and invalidated." *Id.*[1]

4. Other decisions reject analogous defense arguments outright. *E.g., Abramson v. Fed. Ins. Co.*, 2020 WL 7318953, at *2 (M.D. Fla. Dec. 11, 2020) (denying motion to dismiss—"[a]lthough XenCall cites two cases supporting its arguments [i.e., *Creasy* and *Lindenbaum*], the

---

[1] *See also* Ex. B, *Trujillo* p. 8 (citing defense reliance on *Grayned* in this context as "misleading[]").

vast majority of cases this Court has reviewed conclude that parties may continue to bring claims under the portions of § 227(b) unaltered by *AAPC*") (citing cases) (Ex. D)).

5.  *Toney v. Advantage Chrysler-Dodge-Jeep, Inc.*, No. 6:20-cv-00182 (M.D. Fla. Dec. 14, 2020) (Dkt. 98) (Ex. E), denied as moot the defendant's motion to dismiss based on *AAPC*, on the basis that it was not timely filed pursuant to Fed.R.Civ.P. 12(g).[2] Applied here, Rule 12(g) requires denial of Defendants' supplemental motion to dismiss, Dkt. 178, because they failed to timely raise these arguments in their earlier motion to dismiss, Dkt. 153. Defendants cannot claim they lacked an earlier opportunity to raise this issue: At the time they filed their earlier motion to dismiss on June 8, 2020, *Duguid*, the appellate decision leading up to *AAPC*,[3] and numerous district court decisions[4] had already severed the TCPA's government-debt exception when faced with analogous defense arguments. *AAPC* invalidated the government debt exemption, *only*, and expressly left the remainder of the TCPA intact as constitutional. Thus, though Defendants couch their motion as one pursuant to Fed.R.Civ.P. 12(b)(1), it should be treated as one brought under Fed.R.Civ.P. 12(b)(6). And because these arguments were not raised in Defendants' first motion to dismiss, even though they were available, these arguments are waived pursuant to Fed.R.Civ.P. 12(g).

6.  Finally, Plaintiff wishes to point out that Defendants' motion is inapplicable to Count II's internal Do Not Call claims under 47 C.F.R. § 64.1200(d). Dkt. 140, SAC ¶¶ 177-196. Defendants tacitly concede this by not responding to the arguments raised in Plaintiff's opposition, Dkt. 181 at 19.

---

[2] *See* Fed. R. Civ. P. 12(g) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").
[3] *AAPC v. FCC*, 923 F.3d 159, 172 (4th Cir. 2019).
[4] *See generally* Dkt. 181, Pl.'s Resp. pp. 10-11 (citing cases).

Respectfully submitted,

ROBERT HOSSFELD, individually and on behalf of others similarly situated

Dated: January 22, 2021

By: *s/ Scott D. Owens*
Scott D. Owens (FBN 597651)
SCOTT D. OWENS, P.A.
2750 N. 29th Ave., Ste. 209A
Hollywood, FL 33020
Telephone: (954) 589-0588
scott@scottdowens.com

Alexander H. Burke (*pro hac vice*)
BURKE LAW OFFICES, LLC
909 Davis St., Suite 500
Evanston, IL 60201
Telephone: (312) 729-5288
aburke@burkelawllc.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 22, 2021, I caused the foregoing to be electronically filed with the Clerk of the United States District Court for the Southern District of Florida using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Scott D. Owens*
Scott D. Owens Esq.