UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:19-cv-60597-DPG

ROBERT HOSSFELD, individually
and on behalf of others similarly situated,

    *Plaintiff*,

 v.

AM. FIN. SEC. LIFE INS. CO., et al.,

    *Defendants.*

_____/

## PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION

Plaintiff requests that this Court reconsider its decision, Dkt 186, and (1) confirm that its dismissal of Defendants as to Count I of Plaintiff's Second Amended Complaint ("SAC") was without prejudice; and (2) clarify the extent to which the scope of this case now involves post-filing calls.

Plaintiff respectfully submits that reconsideration is warranted here because Eleventh Circuit precedent requires dismissal on standing grounds to be *without* prejudice.

Clarification as to the scope of proceedings will also help the parties understand what is at issue in this case. As further detailed herein, the Court should grant reconsideration.

## I. BACKGROUND

The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, was enacted in response to widespread public outrage over the proliferation of intrusive, nuisance calling practices. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012). To that end, the statute broadly bans making any autodialed or prerecorded-voice calls to a cell number without "prior express consent." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA also prohibits initiating any call for

telemarketing purposes without having "instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]" 47 C.F.R. § 64.1200(c)(d). "The TCPA is essentially a strict liability statute[;] … [it] does not require any intent for liability except when awarding treble damages." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011).

 Defendant Health Insurance Innovations, Inc. ("HII") is the ringleader in a massive telemarketing scheme through which its network of insurance agents and telemarketers solicit consumers by phone in order to sell its and its clients' products and services. Dkt. 140, SAC ¶¶ 23-36. These calls are frequently made irrespective of whether the consumer consented to being called or previously asked that calling stop, and often utilize artificial or prerecorded voice messages that require the consumer to "press 1" to be connected with a live representative. *Id.*

After receiving numerous unsolicited telemarketing calls for HII and its clients, Plaintiff Robert Hossfeld filed a class action lawsuit on March 6, 2019, seeking redress for violations of the TCPA's prohibition against nonconsensual autodialed or prerecorded-voice calls to cell numbers, and the statute's internal do-not-call rules. Dkt. 1, Compl. ¶¶ 91-114. On June 5, 2019, Plaintiff amended his complaint, including to replace certain parties involved in the scheme as defendants.  Dkt. 77. Defendants moved to dismiss, which the Court granted without prejudice and with leave to amend—largely to allow Plaintiff to conform his pleading to a format that separated out each separate allegation against each specific Defendant. Dkt. 135.

Plaintiff filed his Second Amended Complaint ("SAC") on April 13, 2020, asserting two counts. Plaintiff pleaded Count I—violations of the TCPA's prohibition against nonconsensual prerecorded-voice calls to cell phone numbers—against HII and its clients whose products were directly solicited to Plaintiff as a result of the calls at issue: American Financial Security Life

Insurance Company ("American Financial"), Federal Insurance Company ("Federal Insurance"), Med-Sense Guaranteed Association ("Med-Sense"), National Congress of America, Inc. ("NCE"), National Benefit Builders, Inc. ("NBBI"), Rx Helpline LLC ("Rx Helpline"), and Teladoc Health, Inc. ("Teladoc") (collectively, "Seller Defendants"). Dkt. 140, SAC ¶¶ 177-187. Plaintiff also pleaded Count II—internal do-not-call violations—against HII, alone. *Id.* ¶¶ 121, 188-196.

Defendants jointly moved to dismiss Plaintiff's SAC on June 8, 2020, based on purported pleading deficiencies, personal jurisdiction, and standing concerns, which the parties briefed. Dkt. 173, 177. On March 29, 2021, the Court issued its order on Defendants' motion, which dismissed Plaintiff's Count I robocall claims as to Federal Insurance, Med-Sense, NCE, NBBI, Rx Helpline, and Teladoc for want of standing, and dismissed Plaintiff's Count II internal do-not-call claims (against HII, alone) in its entirety. Dkt. 186 p. 13.[1] Plaintiff respectfully submits this motion to ask that the Court reconsider or clarify its ruling as to whether Count I was dismissed with or without prejudice, and whether post-filing calls remain part of this case.

## II.    **LEGAL STANDARD**

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Reiseck v. Universal Commc'ns of Miami, Inc.*, 141 F. Supp. 3d 1295, 1301 (S.D. Fla. 2015). "To reconsider an order or judgment, there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. The decision

---

[1]    Defendants also separately moved to dismiss based on *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335 (July 6, 2020), Dkt. 178, which this Court denied. Dkt. 186 p. 13.

whether to grant or deny a motion to reconsider is within the court's discretion." *Craddock v. M/Y The Golden Rule*, 110 F. Supp. 3d 1267, 1272 (S.D. Fla. 2015).

III.   **ARGUMENT**

A.   **The Court should clarify that dismissal of Federal Insurance, Med-Sense, NCE, NBBI, Rx Helpline, and Teladoc was without prejudice.**

The Court granted the motion to dismiss Count I as to several defendants on constitutional standing, i.e., subject matter jurisdiction, because Plaintiff received only one call where those Defendants' products were mentioned. While Plaintiff respectfully disagrees with the Court's decision on that point, he does not believe it to be useful to request reconsideration at this time.

However, Plaintiff notes that, because the Court found that subject matter jurisdiction was wanting, that finding necessarily means that the Court had no jurisdiction over those claims and dismissal should have been entered *without* prejudice. *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 935 (11th Cir. 2020). The Court's order only states that the Federal Insurance, Med-Sense, NCE, NBBI, Rx Helpline, and Teladoc were "dismissed," without specifying whether this was with or without prejudice. Dkt. 186 p. 13. Consequently, Plaintiff respectfully requests that the Court clarify or reconsider its order to specify that such dismissal was without prejudice.

Alternatively, Plaintiff notes that the Court's basis for finding lack of standing (i.e., that "Plaintiff has not alleged receipt of more than one call on behalf of Defendants Federal Insurance, Med-Sense, NCE, NBBI, Rx Helpline, and Teladoc," Dkt. 186, Order p. 9), conflicts with its separate acknowledgment that Plaintiff *did* allege receiving multiple calls on behalf of these Seller Defendants, such as on August 8, 2018 and February 13, 2019. *See* Dkt. 186, Order

4

p. 2-3.[2] Thus, Plaintiff alternatively asks that the Court reinstate Count I, as pleaded.

      **B.**    **The Court should confirm whether post-filing calls are part of this case.**

The Court's dismissal order makes a distinction between calls made on behalf of Defendants pre- and post-filing, and reflects the Court's view that "[t]he SAC does not allege that any calls made after the initiation of this suit violated the TCPA." Dkt. 186 p. 12. Plaintiff understands this passage of the opinion to rule that any post-filing calls are not part of this case, and respectfully requests that the Court clarify this because Plaintiff may wish to file an additional action concerning such calls.

**IV.**    <u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff respectfully asks that the Court grant this motion for reconsideration, and enter an order that: (1) confirms that dismissal of Federal Insurance, Med-Sense, NCE, NBBI, Rx Helpline, and Teladoc was without prejudice, or alternatively reinstates Count I; (2) clarifies whether post-suit calls are included in this case; and (3) grants such other and further relief the Court deems reasonable and just.

<u>**CERTIFICATE OF CONFERRAL**</u>

The undersigned certifies that Plaintiff's counsel Alexander H. Burke and defense counsel John McManus, Stephanie Peral, and Garry O'Donnell discussed Plaintiff's intent to move for reconsideration on the Court's dismissal order during a call beginning at around 5:00 p.m. ET on April 21, 2021, during which defense counsel took no position on the issue.

                        *s/ Alexander H. Burke*
                        Alexander H. Burke, Esq.

---

[2]    *See also, e.g.*, Dkt. 140, SAC ¶¶ 42, 52, 65, 76 (alleging multiple calls made on behalf of each Defendant, pre-suit), *Id.* ¶¶ 102, 118 (post-suit).

Respectfully submitted,

ROBERT HOSSFELD, individually and on
behalf of others similarly situated

Dated: April 26, 2021                By:*s/ Scott D. Owens*
                                        Scott D. Owens (FBN 597651)
                                        SCOTT D. OWENS, P.A.
                                        2750 N. 29th Ave., Ste. 209A
                                        Hollywood, FL 33020
                                        Telephone: (954) 589-0588
                                        scott@scottdowens.com

                                        Alexander H. Burke (*pro hac vice*)
                                        BURKE LAW OFFICES, LLC
                                        909 Davis St., Suite 500
                                        Evanston, IL 60201
                                        Telephone: (312) 729-5288
                                        aburke@burkelawllc.com

                                        *Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that, on April 26, 2021, I caused the foregoing to be electronically filed

with the Clerk of the United States District Court for the Southern District of Florida using the

CM/ECF system, which will send notification of such filing to all counsel of record.

                                *s/ Scott D. Owens*
                                Scott D. Owens, Esq.

6