UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:19-cv-60597-DPG

ROBERT HOSSFELD, individually
and on behalf of others similarly situated,

   *Plaintiff*,

v.

AM. FIN. SEC. LIFE INS. CO., et al.,

   *Defendants.*
_____/

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL RECONSIDERATION**

Plaintiff, by and through undersigned counsel, hereby files this Reply in Support of Motion for Partial Reconsideration, and states as follows:

**I. ARGUMENT**

  **A. Plaintiff Does Not Seek an Advisory Opinion.**

Defendants contend that in seeking clarification as to whether the Court's order included post-filing calls, Plaintiff is seeking an advisory opinion. But in so arguing, Defendants overlook the long-standing principle that a party does not seek an advisory opinion where "valuable legal rights ... [would] be directly affected to a specific and substantial degree" by a decision from the court. *U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) (alterations in original) (quoting *Nashville, C. & St. L. Ry. v. Wallace*, 288 U.S. 249, 262 (1933)). Here, because he seeks clarification as to the intended scope of the Court's ruling, Plaintiff is attempting to ascertain his rights under the Court's Order, not requesting an advisory opinion as Defendants suggest.

Whether the post-filing calls were intended to be included in the Court's order will assist

the parties to determine the scope of this case going forward, and therefore implicates a valuable legal right. Respectfully, the Court should clarify whether post-filing calls are part of this case, and reject Defendant's contention that such a clarification constitutes the rendition of an advisory opinion.

Additionally, in their opposition, Defendants fail to meaningfully address Plaintiff's identification of an inconsistency in the Court's holding that could appropriately and adequately be addressed through reconsideration or clarification. Specifically, Plaintiff's motion noted that the Court held "Plaintiff has not alleged receipt of more than one call on behalf of Defendants Federal Insurance, Med-Sense, NCE, NBBI, Rx Helpline, and Teladoc," Dkt. 186, Order p. 9, which conflicts with its earlier acknowledgment that Plaintiff *did* allege receiving multiple calls on behalf of these Seller Defendants, such as on August 8, 2018 and February 13, 2019. *See* Dkt. 186, Order p. 2-3.[1] This discrepancy goes unaddressed in Defendants' opposition, and such a discrepancy—which ultimately results in the dismissal of a claim and the elimination of recourse against multiple Defendants—easily qualifies as "clear error or manifest injustice" sufficient to allow reconsideration of the order.[2]

In light of the multiple calls made by the Defendants that were alleged in the operative complaint and acknowledged by the Court in its Order, it would be appropriate for the Court to both reconsider the Order and reinstate Count I as pleaded in the Second Amended Complaint.

**B.     The Court should confirm whether post-filing calls are part of this case.**

Additionally, Defendants only address the alternative relief sought by Plaintiff—

---

[1] *See also, e.g.*, Dkt. 140, SAC ¶¶ 42, 52, 65, 76 (alleging multiple calls made on behalf of each Defendant, pre-suit), *Id.* ¶¶ 102, 118 (post-suit).
[2] *See Reiseck v. Universal Commc'ns of Miami, Inc.*, 141 F. Supp. 3d 1295, 1301 (S.D. Fla. 2015) (identifying "the need to correct clear error or manifest injustice" as one of the three major grounds for justifying reconsideration).

clarification—in the context of dismissal without prejudice, but fail to address clarification of the extent to which the scope of this case now involves post-filing calls. *See* Pl.'s Mot. for Recons., p. 5. Given Defendants' failure to address this point, they have not demonstrated that such relief would be inappropriate. Conversely, given the significant impact the Court's decision will have on this litigation, this issue may appropriately be clarified by the Court. Accordingly, the Court should clarify to what extent it intended to include in its Order, calls made to Plaintiff by Defendants subsequent to the filing of the initial complaint.

**C.  The Parties Agree that Dismissal Should Be Without Prejudice.**

Defendants do not contest that *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 935 (11th Cir. 2020), requires dismissal without prejudice. Instead, they argue that dismissal was without prejudice because of Fed.R.Civ.P. 41(a)(2).

Regardless of the reason, the parties agree that dismissal should be without prejudice. Plaintiff respectfully requests that the Court please enter an order clarifying this point.

**D.  An issue with the conferral is not alone sufficient to warrant the denial of an otherwise proper motion for reconsideration.**

In arguing that an alleged failure to comply with Local Rule 7.1(a)(3) warrants denial of Plaintiff's motion, Defendants place form over substance. Indeed, Defendants assert the alleged failure to comply with Local Rule 7.1(a)(3) as a basis for denial of the motion, but they do not contend they would have agreed to any measure of the relief sought in the motion had they been consulted. On the contrary, they oppose all of it.

Moreover, it seems strange to refuse to consider the motion because Plaintiff did not confer with parties who contend there exists no jurisdiction, and over whom the Court *agreed* it had no jurisdiction.

Thus, Defendants have not shown how the interest the rule seeks to protect (judicial

economy) was harmed by the alleged failure to fully comply with the rule. *See Aguilar v. United Floor Crew, Inc.*, No. 14-CIV-61605, 2014 WL 6751663, at *1 (S.D. Fla. Dec. 1, 2014) ("The purpose of the rule is to ensure judicial economy and prevent courts from considering issues the parties could agree on independently, and to ascertain whether the Court need wait for a response from the opposing party before deciding the motion."). Here, there was no harm to the interests protected by the rule because as is clear from Defendants' opposition, there is no agreement on any of the issues set forth in the motion, and thus, no unnecessary expenditure of judicial resources.

Moreover, Plaintiff's counsel did make a good faith effort to confer with the counsel for those Defendants still in the case. In so conferring, Plaintiff upheld the interests the rule protects, and the purpose of the rule was still served. *See Onuss Ortak Nokta Uluslararasi Haberlesme Sistem Servis Bilgisayar Yazilim Danismanlik Ve Dis Ticaret Ltd. Sirketi v. Terminal Exch., LLC*, No. 09-80720-CIV, 2009 WL 10668748, at *4 (S.D. Fla. Dec. 9, 2009) ("As set forth in the Local Rule, the purpose of the pre-filing conference is to avoid seeking relief unnecessarily, thereby avoiding waste of effort by the parties and the court."). And although they did not explain this during the meet and confer, the existing Defendants contend that the *record was already clear* that dismissal was without prejudice.

At bottom, Plaintiff' counsel made a good faith effort to confer pursuant to Local Rule 7.1(a)(3), as he has done throughout the motion practice in this case. During the meet and confer on the motion, Defense counsel certainly did not indicate any need to include other counsel as part of the discussion. And in not conferring with the counsel for the dismissed Defendants, no judicial resources were unnecessarily expended, as the dismissed Defendants make clear in their opposition that they do not agree, and would not have agreed, to any of the relief Plaintiff seeks by way of his motion. Given the circumstances surrounding the motion—which included Plaintiff's counsel's

4

good faith attempt at compliance with the rule, his previous compliance with the rule throughout this case, and the fact that Defendants do not agree to any of the relief sought—this Court can, and respectfully should, exercise its discretion to excuse any non-compliance with the rule in this particular instance. *See Fluor Intercontinental, Inc. v. IAP Worldwide Services, Inc.*, 533 Fed. Appx. 912, n. 32 (11th Cir. 2013) ("[A] district court has discretion to waive or excuse noncompliance with its local rules.") (citing *Quick v. Peoples Bank of Cullman Cnty.*, 993 F.2d 793, 798–99 (11th Cir.1993)).

Irrespective of any issues with the certification, good cause exists for reconsideration, and Defendants have not shown otherwise. Accordingly, Plaintiff's motion should be granted.

## II.     CONCLUSION

For the reasons discussed in Plaintiff's Motion for Partial Reconsideration and in this Reply, Plaintiff respectfully requests that the Court grant his motion, and enter an order: (1) confirming that dismissal of Federal Insurance, Med-Sense, NCE, NBBI, Rx Helpline, and Teladoc was without prejudice, or alternatively reinstating Count I; (2) clarifying whether post-suit calls are included in this case; and (3) granting such other and further relief the Court deems reasonable and just.

Respectfully submitted,

ROBERT HOSSFELD, individually and on behalf of others similarly situated

Dated: May 14, 2021

By: *s/ Scott D. Owens*
Scott D. Owens (FBN 597651)
SCOTT D. OWENS, P.A.
2750 N. 29th Ave., Ste. 209A
Hollywood, FL 33020
Telephone: (954) 589-0588
scott@scottdowens.com

>Alexander H. Burke (*pro hac vice*)
>BURKE LAW OFFICES, LLC
>909 Davis St., Suite 500
>Evanston, IL 60201
>Telephone: (312) 729-5288
>aburke@burkelawllc.com
>
>*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 14, 2021, I caused the foregoing to be electronically filed with the Clerk of the United States District Court for the Southern District of Florida using the CM/ECF system, which will send notification of such filing to all counsel of record.

>*s/ Scott D. Owens*
>Scott D. Owens, Esq.